## TOTH v. UNITED STATES.
### Civ. 28764.

United States District Court
N. D. Ohio, E. D.
July 21, 1952.

John Ruffalo, John Ruffalo, Jr., Youngstown, Ohio, for plaintiff.

John J. Kane, Jr., Dist. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for wrongful death brought under favor of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b).

Defendant, the United States of America, now moves for summary judgment in its favor under rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A., contending that the present action is not maintainable under the Act. The Government may be sued, of course, only when the terms of its consent to be sued are met.

The Federal Tort Claims Act confers jurisdiction upon the District Courts to hear and determine claims against the United States for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, * * *." 28 U.S. C.A. § 1346(b). The term "Employee of the government", so far as pertinent here, is defined to include "officers or employees of any federal agency" and "persons acting on behalf of a federal agency in an official capacity". 28 U.S.C.A. § 2671. The term "federal agency" includes "corporations primarily acting as, instrumentalities or agencies of the United States", but does not include "any contractor with the United States". 28 U.S.C.A. § 2671.

I conclude on the facts before me that a claim within the purview of the Act is presented.

The present claim arises out of an accident which happened in an apartment of the Westlake Housing Project at Youngstown, Ohio. The deceased met her death as the result of cyanide gas poisoning. Cyanide gas had been placed in the apartment by the Rayen Exterminating Company for the purpose of fumigating it. At all pertinent times, the housing project was owned by the Public Housing Administration of the United States, and was "leased" to the Youngstown Metropolitan Housing Authority.

The Government argues in substance that the Youngstown Metropolitan Housing Authority is a contractor with the United States under the "lease" arrangement, and, therefore, is not responsible for the acts of officials of the local housing authority. In my opinion, however, this argument is not founded upon a fair and realistic interpretation of the agreement.

Fairly interpreted, the agreement creates an agency for the management of the housing project. The agreement is not, in my view, a lease.

Thus, under the contractual arrangement all profits are reserved to the Government. Section 3.

There is detailed supervision of the operation and management of the project by the Government through a program of management and an approved operating budget. Section 5. While it is true that the so-called "lessee" is to engage personnel and provide equipment, it must do so in accordance with the operating budget and management program and the Government determines the wage scale. Section 5.

The use of the property is restricted. Section 5.

The "lessee" is to arrange for commercial facilities on instructions from the Government. Section 30.

There is control by the Government of all fiscal affairs, Sections 6 and 7, and the deposit and use of funds is carefully circumscribed. Section 8.

The agreement contemplates that the Government may supply nonexpendable personal property and fixtures. Section 30. The "lessee" must release personal property determined by the Government not to be necessary for the operation of the property. Section 10. Upon termination of the contractual arrangement, title to all personal property vests in the Government. Section 17.

The fact that an agreement is styled a "lease" is, of course, not conclusive as to its character.

The purpose of the present agreement, as disclosed in Section 5, is to effectuate federal housing policies, and the local housing authority is acting as an instrumentality of the United States to achieve this purpose. I do not believe that under such circumstances the federal Government should be permitted to escape liability for the negligent acts of the officials of the local authority, and I think that the Federal Tort Claims Act contemplates that it respond.

Motion denied.