Fred SCHETTER, Administrator of the Estates of Nancy Schetter and Frederick Schetter, deceased,

v.

HOUSING AUTHORITY OF THE CITY OF ERIE, Public Housing Administration and United States of America.

Civ. A. 338.

United States District Court
W. D. Pennsylvania.
June 13, 1955.

Gerald A. McNelis, Erie, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

In this Federal Tort Claims proceeding the United States of America has filed the following motions:

1. To dismiss the complaint as to the United States.

2. To dismiss the complaint as to the Public Housing Administration.

3. To dismiss the complaint as to the Housing Authority of the City of Erie.

4. To make the Housing Authority of the City of Erie a third-party defendant.

5. To strike demand for jury trial.

Briefly summarized, the complaint sets forth that Fred Schetter and Ruth E. Schetter, his wife, together with their two children, Nancy and Frederick, were tenants in the Delaware Plan Housing Project, in the City of Erie, Pennsylvania. That an explosion of a hot water tank occurred with resulting destruction and fire in their apartment, which resulted in the death of the two children, Nancy and Frederick. That the units were constructed by the Public Housing Administration, a Federal Agency, that the project was operated under an agreement, designated as a lease for the Public Housing Administration by the Housing Authority of the City of Erie, and that the death of said two children was caused by the negligence of the United States through the Public Housing Administration and the Housing Authority of the City of Erie in the maintenance, operation, supervision and repair of the hot water tank in the Schetter dwelling unit.

To simplify reference to the divers parties in the action, they will be identified as follows:

Delaware Plan Housing Project— Project

Federal Public Housing Administration—United States

Housing Authority of the City of Erie—Erie

Fred Schetter, Administrator of the Estates of Nancy Schetter and Frederick Schetter, deceased,—Schetter

### Motion to Dismiss Complaint as to United States

United States contends that the terms of an instrument executed between itself and Erie is a lease. That Erie is an independent contractor and that the terms of said agreement relieve United States of any liability under any circumstances.

 However, a careful reading of the legal instrument and its interpretation under Pennsylvania law requires the conclusion that the instrument is not a lease nor does Erie fall within the legal framework of an independent contractor. The terms of the instrument which require this conclusion, inter alia, are:

(a) The project shall be operated by Erie in accordance with the budget approved by the United States, and all budgets relative to the management, operation and maintenance, and administration expenses of each project shall be submitted for the approval of the United States on forms furnished by the United States.

(b) Erie shall pay no taxes nor make any payments in lieu of taxes with respect to the project. The United States will make all payments in lieu of taxes in accordance with provisions of applicable law and will notify Erie of the amount of such payments as they are made.

(c) Erie shall provide all personnel, supplies and services to properly manage, operate, maintain and administer the project; shall select tenants in accordance with regulations prescribed by the United States; shall charge and collect rentals as prescribed by the United States; shall select the principal management personnel in a manner determined by the United States, and Erie shall pay wages and the terms of employment shall be approved by the United States.

(d) Erie shall deposit all income from the project in the name of Erie in a bank approved by the United States, and no withdrawals shall be made from said account to pay expenses incident to the project which are not within the terms of the budget approved by the United States. Erie shall maintain a petty cash account not to exceed $300.00.

(e) Erie shall keep and maintain complete records relative to the management, operation, maintenance and administration of the project on forms prescribed by the United States, and all such records are subject to the inspection of the United States at all times during regular business hours of the project of Erie.

(f) If Erie shall maintain the project in good repair, order and condition suitable to the purposes thereof, to the extent that funds for such purpose are available from the income of the project and within the budget as approved by the United States. No major repairs or improvements shall be made by Erie without prior written approval of the United States.

(g) Each employee or agent of Erie whose duties include the receiving or disbursing of funds shall furnish a bond approved by the United States. Erie shall obtain public liability insurance, satisfactory to the United States, to protect Erie against litigation and loss arising out of injury or death to any person in any one accident in the amount of $50,000 and against litigation and loss arising out of injury or death to more than one person from any one accident in the amount of $100,000, or in such other amounts as may be approved by the United States. Appropriate insurance coverage shall be secured to protect Erie against liability for the payment of workmen's compensation and employers' liability with insurers satisfactory to the United States, and Erie shall obtain such other insurance as is deemed necessary by the United States for the proper operation of the project. The insurance shall be obtained by Erie and certified copies of the policies shall be furnished to the

United States, and should Erie fail or neglect to renew insurance coverage during the life of the agreement between United States and Erie, United States may obtain same direct.

(h) At the termination of the agreement, Erie is required to surrender to United States the premises in the same condition as when Erie assumed possession, subject to ordinary wear and tear and loss, and to deliver and transfer to the United States all assets regardless of their nature.

(i) Erie shall not assign a mortgage nor pledge the lease or any interest therein without the prior consent of United States.

(j) United States agrees to provide Erie with the necessary funds to meet all expenses in managing, operating and administering the project for the reason that the project is to be operated without profit or loss to Erie, and if any funds so advanced are not necessary, the balance of said funds shall be returned by Erie to the United States.

(k) United States has the right to sell or dispose of any part of the project without the consent of Erie, in which event the agreement may be terminated.

In view of the foregoing provisions of the lease, justice requires the piercing of the veil which shrouds the relationship between Erie and the United States. The mere fact that the Public Housing Administration, an arm of the United States, delegated its authority to Erie in lieu of acting directly under the attempted form of a lease, does not change or permit the evasion of responsibility.

Although the contract seeks to relieve the government of tort liability by identifying Erie as a lessee and an independent contractor, nevertheless this court must be guided by the actualities of the relationship which exists.

Under all facts and circumstances, I must conclude that Erie is not an independent contractor since Erie was controlled by the United States with respect to the performance of the undertaking provided by the agreement between the United States and Erie. Restatement of Agency, Section 2(3); Pennsylvania Railroad Co. v. Allegheny County, 324 Pa. 216, 188 A. 178.

In view of the terms of the instrument in question, I am compelled to find that Erie was an instrumentality of the United States, and that the United States is a proper defendant to the instant proceeding. Toth v. United States, D.C., 107 F.Supp. 37.

The United States further contends that the government is a lessor out of possession and, therefore, is not liable for injuries to tenants who are in possession with the consent of the lessee or sub-lessee for any dangerous condition which comes into existence after the lessee has taken possession. 2 Restatement of Torts, Section 355.

The law to which the government adverts appears sound and fundamentally correct as relates to landlord and tenant, but a most detailed examination of the agreement convinces me that said agreement is not a lease, but a contractual relationship under whose terms the Housing Authority of the City of Erie was constituted a managing agent for a governmental agency of the United States.

I must conclude, therefore, that the law of landlord and tenant has no application to the terms of the instant agreement.

In addition to the above matters, the United States claims the action should be dismissed for the reason that the complaint fails to allege any wrongful or negligent act on the part of any identifiable officer or employee of the government. Merit in substance exists to support the basis for said motion since well reasoned authority supports the requirement that a complaint filed pursuant to the Federal Tort Claims Act must specify a definite act of commission or omission on the part of some particular employee or employees of the government. 28 U.S.C.A. § 1346(b); Sickman v. United States, 7 Cir., 184 F.2d

616; In re Texas City Disaster Litigation, 5 Cir., 197 F.2d 771, 776.

By invoking the discovery process of the Federal Rules of Civil Procedure, 28 U.S.C.A., it appears reasonable to conclude that plaintiff can elicit the names of the divers employees and agents of the government who committed the alleged negligent acts of omission and commission.

Motion to dismiss the complaint as to the United States will be refused, on condition that plaintiff amends the complaint to conform with law on or before July 15, 1955.

### Motion to Dismiss the Complaint as to the Housing Administration and the Housing Authority of the City of Erie

Plaintiff brings this action under the provisions of the Federal Tort Claims Act, Title 28 U.S.C.A. § 1346. That section provides for jurisdiction of the District Courts of "civil actions on claims against the United States" for injuries or death caused by the negligent act of any employee of the government, while acting within the scope of his employment.

■ It is to be noted that suit is authorized against the United States as such and not against the Federal Agency whose employees may have been negligent and caused the injury for which suit is brought. Specifically, Section 2679 of Title 28 U.S.C.A. expressly prohibits suits against a Federal Agency on claims which are cognizable under Section 1346 (b) of Title 28. It states, "The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under Section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." Wickman v. Inland Waterways Corp., D.C., 78 F.Supp. 284.

Since I have concluded that the Housing Authority of the City of Erie is a managing agent for the Public Housing Administration of the United States, and since the Public Housing Administration is admittedly an agency of the United States, this court has no jurisdiction over said agencies on a suit premised upon the Federal Tort Claims Act.

Accordingly, the complaint as it relates to the Housing Authority of the City of Erie and the Public Housing Administration of the United States will be dismissed.

### Motion to Join Erie Housing Authority as Third-Party Defendant

■ Pursuant to Rule 14 of the Federal Rules of Civil Procedure, the United States requests that the Erie Housing Authority be joined as a third-party defendant for purposes of indemnity in the full amount of any judgment which may be awarded to any plaintiff against the United States.

In view of the contractual terms existing between the United States and Erie, it would appear proper for an order to be entered to bring upon the record Erie as third-party defendant.

At first impression, it may appear incongruous to dismiss the complaint against Erie for the reason that such action is not maintainable against an agency of the United States and on the other hand, to permit the United States to bring Erie upon the record as a third-party defendant. The vital distinction, however, lies in the fact that Erie is contractually bound to the United States to assume financial responsibility for tort liability, being required under said contract to secure liability insurance in certain designated amounts and depositing evidence of the same with the United States.

However, this issue cannot be determined in the present status of the record since plaintiff has until the 15th day of July, 1955 to amend his complaint to comply with existing law. If the amendment it properly made, an appropriate Order may be presented to make Erie a third-party defendant. If the amendment is not filed as herein directed, an appropriate order may be presented by

**154**

United States to dismiss the proceeding against the United States.

Motion to Strike Demand for Jury Trial

█ It is my judgment that the Federal Tort Claims Act bars the right to jury trial in any action against the United States, and plaintiff's demand should be stricken. 28 U.S.C.A. § 2402.

█ Nevertheless, in the event a factual clash should arise and the assistance of a jury might prove invaluable in expediting a fair determination, the court reserves the right to empanel an advisory jury pursuant to the Federal Rules of Civil Procedure.

█ Recognizing as I must the responsibility of the court in the administration of its trust in a non-jury proceeding to which the United States is a party, and in order that all interested parties may be made party to the proceeding, and the interests of justice may best be subserved, it is suggested that the United States and/or Erie should file appropriate proceedings to have the liability insurance carrier made a party to the record. I make this comment for the reason that the document under which United States and Erie operated the housing project for tenants provided that Erie shall obtain and file with the United States a certified copy of a public liability policy to protect and save harmless Erie from any liability of any nature whatsoever incident to litigation or a judgment secured against Erie.

In view of the instant action, the insurance carrier becomes a necessary party to the action since Erie under the agreement with United States agrees to save United States harmless and the insurance carrier's contract was required to save Erie harmless.

In addition thereto, considering the nature of the allegations in the complaint charging a defective hot water tank and the various factual matters developed at the time of most extensive argument on the various motions, serious thought should be given to bringing upon the record as a third-party defendant the manufacturer of the hot water tank, the company or person who installed the hot water tank, and if some person or company other than an employee of Erie supervised, maintained or repaired the hot water tank, potential liability could exist on the part of said person or company.

An appropriate Order is entered.