Mrs. Lettie Kay HONEYCUTT et al.

v.

UNITED STATES of America.

John A. JAMES

v.

UNITED STATES of America.

Americus Owen DILLARD

v.

UNITED STATES of America.

William M. ROBERTS

v.

UNITED STATES of America.

A. H. PLUMMER et al.

v.

TRANSPORT INSURANCE COM-
PANY et al.

Arthur R. PRICE et ux.

v.

UNITED STATES of America.

Nos. 5276, 5297, 5339, 5396, 5404, 5537.

United States District Court
W. D. Louisiana, Shreveport Division.

Aug. 16, 1956.

Civ.A. Nos. 5276, 5404, 5396:

Arthur C. Watson, Watson & Williams, Natchitoches, La., Whitfield Jack, Booth, Lockard, Jack & Pleasant, Shreveport, La., for plaintiffs.

Civ.A. Nos. 5297, 5537:

Whitfield Jack, Booth, Lockard, Jack & Pleasant, Shreveport, La., for plaintiffs.

Civ.A. No. 5339:

Sidney E. Cook, Cook, Clark, Egan, Yancey & King, Shreveport, La., for plaintiff.

T. Fitzhugh Wilson, U. S. Atty., Meredith T. Holt, Asst. U. S. Atty., for the Government in all cases.

**230**

Leroy Smallenberger, Smallenberger, Eatman & Morgan, Shreveport, La., for intervenor "Service Fire" in Civil Action No. 5297.

Charles L. Mayer, Jackson, Smith, Mayer & Kennedy, Shreveport, La., for defendant "Preferred" in Civil Action No. 5404.

Frank M. Cook, Cook, Clark, Egan, Yancey & King, Shreveport, La., for defendant "Transport" in Civil Action No. 5404.

Benjamin C. DAWKINS, Jr., Chief Judge.

Each of these unrelated cases have one legal point in common, which we here decide.

These are negligence actions, all arising from separate accidents which occurred during the extensive Army maneuvers, known as "Operation Sagebrush", conducted in Louisiana during the fall and winter of 1955.

Each case is brought against the Government under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671–2680 (jurisdiction conferred, 28 U.S.C.A. § 1346(b)).

█ Notwithstanding the provisions of 28 U.S.C.A. § 2402, requiring trial of such actions by the court without a jury,

plaintiffs in each case have moved for use of an advisory jury. This, they say, may be done under Rule 39(c), Fed. Rules Civ.Proc., 28 U.S.C.A. We do not agree.

That rule provides:

"In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury, or, *except in actions againt the United States when a statute of the United States provides for trial without a jury*, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." (Emphasis supplied.)

While the first clause of the Rule, taken alone and out of context, would seem broad enough to support plaintiffs' position, the second clause makes it clear, we think, that we are not vested with discretion in the matter.[1]

█ The statute itself, 28 U.S.C.A. § 2402, as here pertinent, reads, "Any action against the United States under section 1346 of this title *shall* be tried *by the court without a jury*." It is plain, we think, that by using the word "shall", Congress made this provision mandatory,

---

1. 5 Moore's Federal Practice 726, paragraph 39.11, states:

"The United States, as a sovereign, can consent to be sued *on such terms as it sees fit to impose, including the condition as to whether or not there shall be a jury trial*. While it has consented that there may be a trial with a jury in actions brought against it under the War Risk Insurance Act, *in the main its consent is conditioned upon a court trial*. 28 U.S.C. § 1346 confers jurisdiction upon the district courts of *ex contractu* actions, including tax refund suits, (commonly known as Tucker Act cases), and *ex delicto* actions (commonly known as Tort Claims Act cases). 28 U.S.C. § 2402 provides that any 'action against the United States under section 1346 * * * *shall* be tried by the *court without a jury*.'

"Rule 39(c) provides that 'In all actions not triable of right by a jury * *

except in actions against the United States when a statute of the United States provides for trial without a jury,' *such as the Tucker* and *Tort Claims Act cases* 'the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.' Thus in *private* litigation the court and the parties can agree to try equitable actions to a jury whose verdict shall have the effect of a common law verdict." (Emphasis supplied.)

By the Act of July 30, 1954, C. 648, § 2(a), 68 Stat. 589, amending and re-enacting 28 U.S.C.A. § 2402, Congress provided that certain actions for recovery of internal revenue taxes, etc., 28 U.S.C.A. § 1346(a) (1), at the request of either party, shall be tried by the court with a jury. This did not affect actions under § 1346(b), the Tort Claims section.

not permissive, and intended that no jury of any kind be used in such cases.

Counsel have researched the Congressional history of the Tort Claims Act. The only real light thrown on the subject before us is found in a Senate report, and a comment by a member of the House, when the matter was debated there.

Senate Report No. 1400, 79th Congress, page 32, simply stated:

"The trial will be *without a jury* as is now the case in suits under the Tucker Act." (Emphasis supplied.)

During the House debate on the measure, Congressman Scrivner stated:

"There are advantages in trial before the court without a jury, namely, that the cases can be much more expeditiously handled than they can in the case of a jury trial. There is another advantage in that quite often, inasmuch as the Government is the defendant and the money comes out of the Treasury, the juries will decide cases with their hearts rather than their heads, just as they do when an insurance company is the defendant, so the awards in jury trials would probably be much larger, in view of the sympathy the jurors might have, than they would be in trials before the court. If these cases are to be tried by the Federal Courts, they should be court trials rather than jury trials, in my opinion."

The only case cited by plaintiffs is Schetter v. Housing Authority of City of Erie, D.C., 132 F.Supp. 149, 154. We do not feel bound, or even persuaded, by that decision. There the court, after first recognizing that the Tort Claims Act specifically bars the right to jury trial, and having granted a motion to strike a demand for such, reserved the right to empanel an advisory jury " * * * in the event of a factual clash * * *." The opinion contains no reference to the legislative history of the Act, and does not attempt to analyze Rule 39(c). Conse-quently, with due respect, we do not regard this dictum as of any weight here.

Even if we did possess discretionary power to order an advisory jury, we would not do so, for in our judgment we thereby would be abdicating to a large degree the responsibility placed upon us by Congress when it passed the Act.

For these reasons, the motion for an advisory jury will be denied.