Terrance I. POSTON, a citizen of Alaska, Plaintiff,

v.

The UNITED STATES of America, Hawaiian Electric Company, Inc., a Hawaii corporation, and George Okano Electrical Service, Ltd., a Hawaii corporation, Defendants.

Civ. No. 2345.

United States District Court
D. Hawaii.

Dec. 28, 1966.

Joseph Ryan, Honolulu, Hawaii, for plaintiff.

Herman T. F. Lum, U. S. Atty., Yoshimi Hayashi, Asst. U. S. Atty., D. Hawaii, Honolulu, Hawaii, for the United States.

Richard E. Stifel, Anderson, Wrenn & Jenks, Honolulu, Hawaii, for Hawaiian Electric Co., Inc.

Dennis O'Connor, Robertson, Castle & Anthony, and Walter G. Chuck, Honolulu, Hawaii, for George Okano Electrical Service, Ltd.

## DECISION

PENCE, Chief Judge.

This is a diversity action brought under the Federal Tort Claims Act, 28 U.S.C.A., Sections 1346(b) and 2671 et seq. The plaintiff has demanded a jury trial on issues relating to the liability of the defendants other than the United States.

During the course of pre-trial proceedings before visiting Senior Judge William C. Mathes from the Southern District of California, the question was raised: May the court pursuant to Federal Rule of Civil Procedure 39(c)[1] order

---

1. Rule 39(c), F.R.Civ.P.:
   "*Advisory Jury and Trial by Consent.*
   In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial

the trial jury, while making findings of fact as to the defendants other than the United States, to make additional findings of fact, acting as an advisory jury, on issues relating to the liability of the United States? "Of its own initiative" the court indicated that it would so order the trial jury also to act as an advisory jury. The United States has subsequently objected to this suggested procedure, citing Honeycutt v. United States, 19 F. R.D. 229 (D.La.1956), where the late Chief Judge Dawkins held that an advisory jury may not be used in an action against the United States under the Federal Tort Claims Act.

Although this is a question of first impression in this jurisdiction, in addition to *Honeycutt* it appears that one other federal district court has considered the advisory jury procedure in connection with Section 2402 of Title 28 U.S. C.A., which in pertinent part provides:

"Any action against the United States under section 1346 shall be tried by a court without a jury * * *."

In Schetter v. Housing Authority of City of Erie, 132 F.Supp. 149 (W.D.Pa.1955), the court, after noting that the Federal Tort Claims Act bars the right to jury trial in any action against the United States declared:

"Nevertheless, in the event a factual clash should arise and the assistance of a jury might prove invaluable in expediting a fair determination, the court reserves the right to empanel an advisory jury pursuant to the Federal Rules of Civil Procedure." (At 154.)

without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

2. Senate Report No. 1400, 79th Congress, page 32:
   "The trial will be without a jury as is now the case in suits under the Tucker Act."
   House debate (Cong.Rec. Vol. 92, Part 8 at p. 10092); statement by Congressman Scrivner:
   "There are advantages in trial before the court without a jury, namely, that the cases can be much more expeditiously

Chief Judge Dawkins, however, read the prohibition of Section 2402 as mandatory:

"It is plain, we think, that by using the word 'shall', Congress made this provision mandatory, not permissive, and intended that no jury of any kind be used in such cases." (Honeycutt, supra at 230–231.)

With all deference to the late Chief Judge Dawkins, it appears that Senate Report No. 1400, 79th Congress and accompanying debate,[2] upon which he relied, refers to normal (as distinguished from advisory) jury trials and that Section 2402, supra, does not preclude the court from using an advisory jury. "The plain terms of Rule 39(c) are that an advisory jury may be used." 5 Moore's Fed.Prac. § 38.31(2) at 235.

This court agrees with Professor Wright's comment:

"Denial of power to use an advisory jury in such a case [*Honeycutt*] seems a plain misreading of Rule 39(c).

"Rule 39(c) provides for two quite separate procedures. It permits an advisory jury 'in all actions not triable of right by a jury.' And it authorizes trial by a regular jury with consent of the parties in all such cases 'except in actions against the United States when a statute of the United States provides for trial without a jury.' The exception applies to the second procedure, that of a *binding* jury on consent of the parties, and does not apply to the *advisory* jury procedure." 2B Barron & Holtzoff, Fed.Prac. and Proc.

handled than they can in the case of a jury trial. There is another advantage in that quite . often, inasmuch as the Government is the defendant and the money comes out of the Treasury, the juries will decide cases with their hearts rather than their heads, just as they do when an insurance company is the defendant, so the awards in jury trials would probably be much larger, in view of the sympathy the jurors might have, than they would be in trials before the court. If these cases are to be tried by the Federal Courts, they should be court trials rather than jury trials, in my opinion."

**24**

(Wright ed.) § 891 at 66. (Emphasis supplied by the court.)

██ The language of Rule 39(c) indicates that the correct view is that expressed by Chief Judge Gourley in *Schetter*, supra. This is consistent with rulings by other federal courts where the use of an advisory jury was approved even though the action was brought under a statute or in another context not permitting a trial by jury as of right. See Walling v. Richmond Screw Anchor Company, 52 F.Supp. 670, 671 (E.D.N.Y.1943) (Fair Labor Standards Act); Walker v. United States Gypsum Company, 270 F.2d 857, 859 (4th Cir. 1959) (jurisdictional question). Furthermore, specifications of error relating to rulings on evidence before an advisory jury and instructions to that jury need not be considered on appeal, because the function of that jury is to assist the judge. Reed v. Riddle Airlines, Inc., 266 F.2d 314, 319 (5th Cir. 1959).

> "The district court may properly utilize an advisory jury in any action against the United States where there is no Constitutional or statutory right of jury such as the * * * Tort Claims Act, for Rule 39(c) refers to all actions not triable of right by a jury." 5 Moore's Fed.Prac. § 39.10(1), n. 8 at 722.

██ Where, as here, a trial jury is necessarily in the case pursuant to a timely demand for a jury trial on issues relating to the liability of parties other than the United States, the problem is but simplified. The court is well aware of the fact that even though the trial jury is requested to function additionally in an advisory jury capacity, the responsibility for the ultimate decision as to liability of the United States never shifts from the shoulders of the judge, just as though the advice of the jury were not sought. (American) Lumbermens Mutual Casualty Co. of Illinois v. Timms & Howard, Inc., 108 F.2d 497 (2nd Cir. 1939).

This court, not unlike Chief Judge Dawkins, would be reluctant to use an advisory jury in a Federal Tort Claims Act case if a trial jury were not already trying the case as to other defendants and approves Chief Judge Dawkins' suggestion that the district courts (as trier of the facts) should not abdicate "to a large degree the responsibility placed upon us by Congress when it passed the [Federal Tort Claims] Act." Honeycutt v. United States, supra, 19 F.R.D. at 231.

The court may order the jury in this case to act as an advisory jury on issues of fact pertaining to the United States. The objection of the United States to the use of an advisory jury is overruled.