Jolyon W. McCamic, McCamic & McCamic, Wheeling, W. Va., for plaintiffs.

Paul C. Camilletti, U. S. Atty., James F. Companion, Asst. U. S. Atty., Wheeling, W. Va., for defendant.

**Miles I. COFFLAND, an infant, by Bruce Coffland, his father, natural guardian and next friend, and Bruce Coffland, Individually, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. C–71–15–W.**

United States District Court, N. D. West Virginia.

Dec. 14, 1972.

MEMORANDUM ORDER

MAXWELL, Chief Judge.

This civil action is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., with jurisdiction invoked pursuant to 28 U.S.C. § 1346(b). An order has been entered, submitted by counsel for all parties, amending an earlier, fully developed pre-trial order and providing that the "action shall be tried by the Court without a jury as prescribed by Title 28, Section 2402, United States Code." This statement candidly reflects the statutory limitations imposed upon this species of litigation.

■ Notwithstanding the obligations of the statute, the Court, on its own initiative, orders that an advisory jury be empaneled for the trial of the action. This action is in accordance with Rule 39(c), Federal Rules of Civil Procedure, Rule 39(c) provides: "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

The present action is "not triable of right by a jury," 28 U.S.C. § 2402; it therefore appears that the first of the two provisions of Rule 39(c) is applicable and that an advisory jury is proper and can be used in this case. The exception in the second portion of Rule 39(c) refers solely to trial by consent, and clearly does not apply to the first clause of the Rule, which provides for advisory juries only. It was held otherwise in Honeycutt v. United States, 19 F.R.D. 229 (W.D.La.1956). This Court prefers to follow the decision in Poston v. United States, 262 F.Supp. 22 (D.Haw.1966), holding that the use of an advisory jury is proper in a Federal Tort Claims Act case. The weight of authority agrees with the *Poston* rationale. See, for example, Wright & Miller, Federal Practice and Procedure: Civil § 2335, and also 5 Moore's Federal Practice ¶ 39.10 (1), n. 8.

■ It should also be noted that the utilization of an advisory jury does not relieve the Court of its responsibility to make findings of fact and to state conclusions of law pursuant to Rule 52(a), Federal Rules of Civil Procedure.