Sharma HAMM, Plaintiff,

v.

NASATKA BARRIERS INC.,
et al., Defendants.

Civil A. No. 94–0747 (PLF).

United States District Court,
District of Columbia.

March 21, 1996.

James W. Taglieri, Washington, DC, for plaintiff.

Cynthia A. Schnedar and Stacy Ludwig, Assistant United States Attorneys, Washington, DC, for the US.

Benjamin S. Vaughn, Rockville, MD, for Nasatka Barriers Inc. and Nasatka & Sons, Inc.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This is a negligence action brought by Sharma Hamm, a former Court Security Officer at the United States Courthouse in the District of Columbia, against Nasatka and Sons, Inc., Nasatka Barriers, Inc., and the United States of America for injuries she allegedly suffered from a malfunctioning courthouse security barrier owned by the United States and installed and maintained by Nasatka. The claims against Nasatka will

be tried to a jury; the claims against the government will be resolved by the Court. The government takes the position that this Court may not utilize an advisory jury with respect to the claims against the United States, even though a jury will be selected to hear the facts and claims against the Nasatkas. The Court concludes that it has discretion under Rule 39(c) of the Federal Rules of Civil Procedure to make use of an advisory jury and finds that the use of such a jury would be appropriate in this case.

The Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, under which this action proceeds against the United States, expressly provides that claims against the government "shall be tried by the Court without a jury." 28 U.S.C. § 2402. The United States argues that this provision precludes the use of an advisory jury because Congress expressly declined to waive its sovereign immunity with respect to any sort of jury trial whatsoever. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981) (internal quotations and citations omitted). The "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id.* at 161, 101 S.Ct. at 2702.

On the other hand, Rule 39(c), Fed.R.Civ. P., provides:

> In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

Several courts have explicitly read Rule 39(c) as giving district courts discretion to use an advisory jury in FTCA cases. *See Wright v. United States*, 80 F.R.D. 478, 479 (D.Mont. 1978); *Birnbaum v. United States*, 436 F.Supp. 967, 988 (E.D.N.Y.1977), *aff'd in rel-evant part*, 588 F.2d 319, 321, 334–35 (2d Cir.1978); *Coffland v. United States*, 57 F.R.D. 209, 210 (N.D.W.Va.1972); *Poston v. United States*, 262 F.Supp. 22, 23–24 (D.Haw.1966); *Schetter v. Housing Auth. of City of Erie*, 132 F.Supp. 149 (W.D.Pa.1955). *But see Honeycutt v. United States*, 19 F.R.D. 229, 231 (W.D.La.1956) (district court lacks discretion to empanel an advisory jury under the FTCA); *Latz v. Gallagher*, 562 F.Supp. 690, 693 (W.D.Mich.1983) (no discretion to use advisory jury under National Flood Insurance Act because Congress did not waive sovereign immunity). Other courts have approved the use of advisory juries in FTCA cases without explanation. *Newmann v. United States*, 938 F.2d 1258, 1259 (11th Cir.1991); *Moyer v. Martin Marietta Corp.*, 481 F.2d 585, 587 (5th Cir.1973); *Moloney v. United States*, 354 F.Supp. 480, 481 (S.D.N.Y.1972).

The Court concludes that the plain language of Rule 39(c), Fed.R.Civ.P., and the more persuasive of the authorities interpreting it permit the use of an advisory jury in cases where the United States is a defendant. Rule 39(c) deals with two different situations in two independent clauses separated by the word "or." The first clause of the Rule permits the court to try an issue with an advisory jury "in *all actions* not triable of right by a jury" (emphasis added), and it makes no exception for cases where the United States is a defendant. The second clause of Rule 39(c) accommodates the special position of the United States with respect to jury trials and waivers of sovereign immunity by expressly prohibiting *regular* jury trials, even where the parties consent, in "actions against the United States when a statute of the United States provides for trial without a jury." To interpret the first clause of Rule 39(c) as precluding *advisory* juries in suits against the United States would impermissibly import the language of the second clause into the first clause. *See Poston v. United States*, 262 F.Supp. 22, 23–24 (D.Haw.1966); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2335 ("Denial of power to use an advisory jury in [FTCA] case[s] seems a plain misreading of Rule 39(c).").

■ Although tort actions against the United States under the FTCA "shall be tried by the court without a jury," 28 U.S.C. § 2402, the use of an advisory jury in an FTCA action against the United States is nowhere prohibited and does not offend the principles of sovereign immunity. An advisory jury is an optional aid to an independent court, not the factfinder or decision-maker. Congress has expressly entrusted the decision-making task under the FTCA to the court. An advisory verdict has no force, other than persuasive, on the court, which remains the sole and final decision-maker. The use of an advisory jury therefore does not infringe upon the sovereign immunity of the United States and is within the authority and discretion of the Court.

■ The Court finds in its discretion that the rendering of an advisory verdict by a jury would be both helpful and appropriate in this case. The central consideration is that the same jury already will be hearing the claims against Nasatka. Many of the witnesses will be relevant to both the case against Nasatka and the one against the government. The factual underpinnings of the claims against Nasatka and those against the government are sufficiently intertwined that it would be more confusing to instruct the jury to ignore some pieces of evidence while deciding the import of other related pieces of evidence. While the Court "would be reluctant to use an advisory jury in a Federal Tort Claims Act case if a trial jury were not already trying the case as to other defendants," *Poston v. United States,* 262 F.Supp. at 24, an advisory verdict might well be a useful additional source of information for the Court in its determination of both liability and the proper allocation of damages among the defendants. *See Birnbaum v. United States,* 436 F.Supp. at 988. Finally, an advisory verdict will lessen the chances of an excessive damages award against the non-governmental defendants as might occur if the jury were precluded from considering the government's liability.

■ As noted, the use of an advisory jury does not relieve the Court of its obligation as factfinder in FTCA cases. It is wholly within the Court's discretion whether to accept or reject, in whole or in part, the verdicts of the advisory jury as they relate to the government, and "[t]he responsibility for the ultimate decision never shifts from the shoulders of the judge." *Poston v. United States,* 262 F.Supp. at 24; *see Newmann v. United States,* 938 F.2d at 1259; 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2335. Since the Court is free to ignore any or all of the jury's findings with respect to the government if appropriate in exercising its own independent factfinding responsibilities, the decision to permit the same jury to render verdicts and consider damages as to both Nasatka and the government is fully consistent with both the Federal Tort Claims Act and Rule 39(c) of the Federal Rules of Civil Procedure.

In view of the foregoing, it is hereby

ORDERED that all issues in this case shall be submitted to a jury, with the clear understanding that its verdict with respect to liability and damages as respects the United States will be advisory only; and it is

FURTHER ORDERED that in light of the foregoing ruling, the parties in this action shall, either jointly or separately, submit proposed verdict forms for the Court's consideration 10 days before trial.

SO ORDERED.