**STATE of Alaska, Appellant,**

v.

**WIEN AIR ALASKA, INC., Appellee.**

**No. 4644.**

Supreme Court of Alaska.

Nov. 21, 1980.

Lloyd B. Ericsson, Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, Or., Hal Gazaway, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Patricia Zobel, Merdes, Schaible, Staley & DeLisio, Inc., Anchorage, for appellee.

Before RABINOWITZ, C. J., CONNOR and BURKE, JJ., and DIMOND, Senior Justice.

OPINION

CONNOR, Justice.

On August 30, 1975, two Wien Air employees were killed when a regularly scheduled Wien airliner crashed into Sevoukuk Mountain near Gambell, Alaska. The beneficiaries of both deceased employees have been paid benefits under provisions of Alaska's Workmen's Compensation Act. AS 23.-30.005–23.30.270.

In addition to receiving workmen's compensation, personal representatives of each decedent filed wrongful death actions against the State, alleging various specifications of negligence. The State filed cross–claims against Wien seeking indemni-

---

ty or contribution for that portion of any adverse judgment attributable to the actions or fault of Wien. Wien moved for summary judgment on the ground that the exclusive remedy provision of the Alaska Workmen's Compensation Act, AS 23.30.-055, bars third party cross–claims for indemnity and contribution. The motion was granted and final judgment was entered pursuant to Civil Rule 54(b). From this judgment the State now appeals.

In *Arctic Structures, Inc. v. Wedmore*, 605 P.2d 426 (Alaska 1979), we held that in a situation of this type, the liability of a third party defendant cannot be reduced proportionately by the negligence attributable to the plaintiff's employer; that the doctrine of joint and several liability still applies in Alaska; that procedural due process is not offended by depriving the third party defendant of a right to pro–rata contribution from the employer; that the differential treatment of tortfeasors under these rules does not deny to them the equal protection of the laws; and that a tortfeasor is not entitled to reduce an award against him by the amount of workmen's compensation benefits which have been received by the plaintiff–employee, even when the employer has been negligent in respect to the employee's injuries.

In the case at bar, the State urges that we reconsider our holdings in *Artic Structures* and that we declare that equitable indemnity be permitted between the State and Wien. The State argues that if Wien is found to have been negligent, it would be particularly unfair to permit reimbursement of Wien by rigidly applying the statute according to its terms. It therefore asks that we adopt the "comparative indemnity" doctrine laid down by the California Supreme Court in *American Motorcycle Association v. Superior Court*, 20 Cal.3d 578, 146 Cal.Rptr. 182, 195, 578 P.2d 899, 912 (Cal.1978).

We have considered our holdings in *Arctic Structures* and, although we agree with the State that under these holdings injustices can arise in many cases, we are unpersuaded that we should alter these holdings

in the case before us. As we pointed out in *Arctic Structures*, we are most reluctant to modify an existing legislative scheme in order to achieve an equitable result. 605 P.2d at 440. The statutes with which we are concerned express major policy decisions which are peculiarly within legislative competence. For example, we have no knowledge of the financial impact of deviating from the exclusive liability provision of the workmen's compensation statute. That is a matter which could be clarified by legislative hearings, a process not available to this court. We have no comprehension of the economic tradeoffs which might be involved in a major overhaul of these statutes. Decisions concerning such matters are typically a legislative function.

AFFIRMED.

BOOCHEVER and MATTHEWS, JJ., not participating.