**PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant,**

v.

**DeHAVILLAND AIRCRAFT COMPANY OF CANADA, LTD., Appellee.**

**No. S–365.**

Supreme Court of Alaska.

May 10, 1985.

---

Constance A. Cates, Paul A. Barrett, Call, Barrett & Burbank, Fairbanks, for appellant.

Steven S. Tervooren, Frank A. Pfiffner, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This is an appeal from a summary judgment for an aircraft manufacturer against a workers' compensation insurance carrier which paid benefits to an injured passenger. The superior court concluded that the insurer's statutory subrogated claim is barred by the statute of limitations and it has no right of implied indemnity absent a contractual relationship with the manufacturer. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 1978, a Twin Otter aircraft manufactured by DeHavilland Aircraft of Canada, Ltd. (DeHavilland) crashed in Barrow. M.O. Ehredt, d/b/a Arctic Guide Air Taxi (Ehredt), owned the aircraft, which was piloted by Ehredt's employee, Patrick Charles Walters (Walters), who died in the crash. Alfred S. Atkins (Atkins) was a passenger injured in the crash.

At the time of the accident, Atkins was acting in the course and scope of his employment for the North Slope Borough. Providence Washington Insurance Company (Providence Washington) is the North Slope Borough's workers' compensation insurance carrier; it paid Atkins compensation benefits and medical and rehabilitation treatment expenses.

In 1979, Atkins filed suit against Ehredt and Walters, but did not name DeHavilland.[1] In 1980, Walters sued Ehredt and DeHavilland alleging negligence claims against both and a strict products liability claim against DeHavilland.[2] These suits were eventually consolidated.[3] In 1982, Atkins asserted a claim against DeHavilland for the first time. The trial court granted DeHavilland partial summary judgment based on the statute of limitations. We affirmed in *Atkins v. DeHavilland Aircraft*, 699 P.2d 352 (Alaska 1985).

In January 1983, Providence Washington filed a complaint in intervention against Ehredt and DeHavilland, seeking reimbursement and indemnity for amounts Providence Washington paid Atkins. DeHavilland moved for summary judgment on the ground that the two year tort statute of limitations had expired. Providence Washington moved for summary judgment against DeHavilland to establish its right to indemnity as a matter of law. The superior court denied Providence Washington's motion and granted that of DeHavilland. The court then entered final judgment for DeHavilland. Providence Washington appeals.

---

**1.** *Atkins v. Ehredt*, No. 4FA–79–1549 Civil.

**2.** *Walters v. DeHavilland Aircraft*, No. 2NO–80–172 Civil.

**3.** The consolidated caption is *In Re Barrow Air Crash*, October 13, 1978, 3AN–81–2321 Civil.

## II. STATUTE OF LIMITATIONS

■ Atkins could have asserted a tort claim against DeHavilland. When Atkins accepted workers' compensation payments from the North Slope Borough and failed to sue DeHavilland within one year of the accident, all Atkins' rights against DeHavilland were assigned to the North Slope Borough by operation of law.[4]

Since the North Slope Borough was insured and Providence Washington paid Atkins' compensation benefits, Providence Washington was subrogated to all of the North Slope Borough's rights.[5]

The rights thus acquired by the North Slope Borough and Providence Washington were subject to all defenses which DeHavilland could have raised against Atkins, including the statute of limitations. Tort claims are subject to a two-year statute of limitations, which expired in October 1980. AS 09.10.070. Because Providence Washington did not assert a claim against DeHavilland until 1983, its subrogated claim against DeHavilland is barred by the statute of limitations.

## III. IMPLIED INDEMNITY

Providence Washington also argues that it has an independent noncontractual right of implied indemnity from DeHavilland which is subject to a six-year statute of limitations. AS 09.10.050. The threshold question is whether Providence Washington meets the requirements for common law indemnity.

Although this court has never set forth the requirements, a federal district court, relying on the Restatement of Restitution, interpreted Alaska law to permit an implied indemnity claim when (1) the claimant discharged a legal obligation to a third party, (2) the defendant is also liable to the third person and (3) as between the claimant and defendant, the obligation should be discharged by the latter. *Industrial Risk Insurers v. Creole Production Services*, 568 F.Supp. 1323 (D.Alaska 1983), *aff'd*, 746 F.2d 526 (9th Cir.1984).[6] The same test is used in many other states. *See, e.g., School District No. 4 v. United States Gypsum*, 65 Or.App. 570, 672 P.2d 1201, 1204 (1983); *Perry v. Pioneer Wholesale Supply*, 681 P.2d 214, 218 (Utah 1984).

■ We have sustained an implied indemnity claim when the indemnitor and indemnitee are in a manufacturer-retailer relationship. *Heritage v. Pioneer Brokerage & Sales*, 604 P.2d 1059 (Alaska 1979). However, the exclusive liability provision of the workers' compensation act precludes an implied indemnity claim against an employer. *Golden Valley Electric Association v. City Electric Service*, 518 P.2d 65 (Alaska 1974). Further, no right of common law indemnity exists between concurrently negligent tortfeasors. *State Mechanical v. Liquid Air*, 665 P.2d 15 (Alaska 1983); *Vertecs Corp. v. Reichhold Chemicals*, 661 P.2d 619 (Alaska 1983).

■ The unspoken element in cases allowing implied indemnity is the existence of a contractual or other duty between the indemnitor and indemnitee.[7] In no case

---

**4.** AS 23.30.015(b) provides in pertinent part:
Acceptance of compensation ... operates as an assignment to the employer of all rights of the person entitled to compensation ... to recover damages from the third person unless the person ... entitled to compensation commences an action against the third person within one year ....

**5.** AS 23.30.015(i) provides:
(i) If the employer is insured and the carrier has assumed the payment of compensation, the carrier shall be subrogated to all the rights of the employer.

**6.** Restatement of Restitution § 76 (1936) provides:

A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

**7.** Providence Washington urges us to follow the decision in *Federal Marine Terminals v. Burnside Shipping*, 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969). Since we believe that the *Burnside* rule is based on the existence of a duty between the indemnitor-shipowner and the indemnitee-stevedore, we conclude that *Burnside* does not support Providence Washington's

have we required a stranger to indemnify another, and we decline to do so now. Providence Washington fails to meet the requirements to assert a common law indemnity claim against DeHavilland because it had no pre-existing legal relationship with DeHavilland.

The judgment of the superior court granting DeHavilland's motion for partial summary judgment is therefore AFFIRMED.

claim, since DeHavilland had no duty to Prov-                    idence Washington.