**BELL HELICOPTER, Plaintiff,**

and

**Sea Airmotive, Inc.; Gay Airways, Inc.; A.E. Gay, Inc.; A.E. Gay, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

Nos. 86–3990, 86–4056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1987.

Decided Dec. 9, 1987.

Robert B. Baker, Susan M. West, Robertson, Monagle & Eastaugh, Anchorage, Alaska, for plaintiff Bell Helicopter.

Jonathan M. Hoffman, Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, Or., for plaintiffs-appellants.

Richard R. Stone, Sr., Tara C. Neda, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GOODWIN, ANDERSON and BRUNETTI, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The appellants in this action challenge the district court's order dismissing all of their claims for contribution and indemnity. The district court held that, by analogy, the United States, when treated as an employer, enjoys the same immunity afforded to private employers under the Alaska Workers' Compensation Act, AS 23.30.055 ("AWCA"). Therefore, since a private employer who pays workers' compensation is immune from third-party actions against them for contribution or indemnity, the United States is also immune.

## I.

In a flight from Anchorage, Alaska to Seattle, Washington on June 13, 1979, a helicopter piloted by Lt. William Harrigan, an officer of the National Oceanographic and Atmospheric Administration ("NOAA"), crashed near Port Hardy, British Columbia. The crash occurred during Harrigan's attempt to land after running out of gas. As a result of the crash, passenger Gary Mitchell, a civilian employee of NOAA, and Harrigan were seriously injured.

Mitchell sued Bell Helicopter Textron, Inc., the manufacturer of the helicopter, Sea Airmotive, Inc., the seller of the helicopter, and Gay Airways, Inc., the lessor of the helicopter ("Appellants") in Superior Court for the State of Alaska. Mitchell alleged that these parties were liable in

tort for manufacturing and furnishing the helicopter to the government in an uncrashworthy condition. On February 20, 1985, the case was settled for approximately $2.4 million. After the crash, Mitchell also received benefits available to him under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101, *et seq.* Most of these FECA benefits were later repaid to the United States by Mitchell as required by statute.

Following this settlement, Bell, Sea Airmotive, and Gay Airways sued the United States ("the government") for indemnity or contribution pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346, *et seq.* Appellants alleged that the crash occurred because Harrigan was negligent in failing to properly undertake preflight planning procedures in Alaska.

The district court dismissed this action on the grounds that the government, when treated as a private employer, enjoys immunity from claims of contribution and indemnity afforded to it under AWCA.

## II.

A district court's legal conclusions regarding the United States' amenability to a third-party suit under the Federal Tort Claims Act are reviewed de novo. *LaBarge v. Mariposa County*, 798 F.2d 364, 365 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1889, 95 L.Ed.2d 497 (1987).

This suit is brought pursuant to the FTCA which acts as a limited waiver of the government's sovereign immunity. Under this Act, district courts have exclusive jurisdiction of civil actions on claims against the United States, for money damages, for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any government employee while acting within the scope of his office or employment. This liability extends to circumstances where the government, if a private person, would be liable according to the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). The FTCA further provides that the United States shall be liable for those tort claims in the same manner and

to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. This Court has determined that these provisions "direct the courts to analogize the government to a private actor in a similar situation and apply state law to determine amenability to suit and substantive liability." *LaBarge* at 366.

■ The act or omission at issue, pilot's negligent preflight planning, occurred in Alaska. We must, therefore, look to the law of Alaska. It is at this point that the parties to this action disagree. Appellants contend that we should apply Alaska's whole law, including its choice-of-law rules, while the government asserts that there is no need to consider any choice-of-law rules. Appellants argue that to follow the FTCA which provides that liability is determined "in accordance with the law of the place where the act or omission occurred," federal courts are required to apply the whole law of the state where the act or omission occurred, including the state's conflict of laws rules. *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). Accordingly, appellants suggest that the issue of immunity should be determined on the basis of the workers' compensation law under which the injured party was employed (i.e., FECA). Under FECA, indemnity actions against the United States brought by unrelated third parties are not directly barred. *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983). Thus, appellants should be allowed to proceed with this action.

■ There are several flaws with this argument. First, this is not a conflicts issue. The cases appellants use to support their argument pertain to multistate tort activity where a distinction was made between the law of the forum and the place of injury. In this case, we are not debating this issue. It has been agreed that the law of the forum will be applied. The question to be answered is how Alaska law would be applied to an Alaska employer in similar circumstances. There is no need to apply the doctrine of depecage.

Second, *Lockheed* permits third party suits against the United States for indemnity, despite the exclusive remedy provision of FECA if the third party is unrelated. However, to determine if a suit could be maintained, it is necessary to look to the underlying substantive law. The underlying substantive law in this case is the FTCA. It directs us to apply Alaska law which will not allow this suit to be maintained.

Third, a similar argument made to this court was rejected in *LaBarge*. In *LaBarge*, the county was seeking contribution from the United States after settling a tort claim with the estates of three federal Secret Service agents who were killed after colliding with a county sheriff's patrol car. 798 F.2d at 365. The county argued that the suit was brought pursuant to the FTCA, which looked to the application of California (forum) law, which in turn looked to the relevant out-of-state employer's workers' compensation law (FECA). *Id.* at 368.

This Court found that although FECA permits a third-party suit, it does not confer the underlying substantive right to sue. The right to sue must exist independently of FECA's passive allowance of the exercise of that right. Thus, this Court found that while FECA does not bar a third-party claim, there is a vacuum as to substantive law which would give rise to the claim. *LaBarge*, 798 F.2d at 368.

Appellants attempt to distinguish *LaBarge* because the tort there occurred within the forum state and involved a forum resident. In the instant action, the injury occurred outside Alaska, Mitchell was hired and employed outside the state, and he was subject to another workers' compensation system. However, under the FTCA, we are required to treat the government as a private employer in similar circumstances so the only distinction would be that the accident occurred outside the forum state.

In *LaBarge*, the court responded to the county's argument that the United States should be treated as a private employer, doing business outside California who happened to bring in a few temporary employees for a temporary job instate, by recognizing that the United States is more like a national corporation doing business in all the states. Thus, this Court recognized that the United States had a presence in California despite the fact that some of the injured employees were stationed out of state.

The *LaBarge* court went on to recognize the equities presented in that case and the arguable unfairness of requiring the county to pay for the United States' negligence. But this did not prevent the Court from finding that since California law barred a contribution suit when the employer was subject to workers' compensation law, the suit against the United States was also barred.

In determining that the United States' payment of FECA benefits was comparable to the payment of state workers' compensation benefits, this Court noted that the statutory language of the FTCA of "like circumstances" does not refer to the same circumstances but rather to those under similar circumstances. Since the federal government could never be exactly like a private actor, this Court found that to apply this standard, it is a court's job to find the most reasonable analogy. Because FECA is comparable to a state workers' compensation law, all other things being equal, the United States should be entitled to the same immunity from suit enjoyed by a private employer covered by state workers' compensation laws. *LaBarge*, 798 F.2d at 366–67.

This suit was filed pursuant to the FTCA. Consequently, the United States, which has the standing of a litigant doing business in all fifty states and is subject to the immunities provided by the state law in whichever state the action is brought, is immune because an Alaska employer under the same circumstances would be immune.

### III.

Although we find that appellants' claims are barred under the exclusivity provision of AWCA, we must also consider appel-

lants' claim of express or implied indemnity under Alaska law. A party cannot raise an issue for the first time on appeal. Thus appellants' argument of express contractual indemnification must fail. In the proceeding below, appellants did not argue express contractual indemnification. Rather, in their complaint they sought indemnity on the grounds that the government's negligence was primary and active, while theirs was secondary and passive. In addition, in their Memorandum in Opposition to Defendant's Motion to Dismiss, appellants argued that they were entitled to recover indemnity because they met common law indemnity requirements. Since the "unspoken element" in implied indemnity cases is the existence of contractual or other duty, appellants used the language in the contract (where the government agreed to assume all risk of loss) as evidence of implied, not express, contractual indemnification. Because appellants did not raise the issue of express contractual indemnification, we are foreclosed from considering it on this appeal.

The district court order which granted the government's motion to dismiss stated that the order was granted because the government, in FTCA actions, should be treated as a private employer covered by states workers' compensation schemes. Since a private employer enjoys the immunity from claims of contribution and indemnity afforded to it under the exclusive remedy provision of A.S. 23.30.055, so does the government. The district court also found that Alaska's choice-of-law rules were not an issue in the case. The district court, however, did not address the implied right of indemnity issue.

■ The exclusivity provisions of AWCA do not preclude express or implied contractual indemnity. *Northwest Airlines, Inc. v. Alaska Airlines, Inc.*, 343 F.Supp. 826 (D.Alaska 1972). If the government agreed to assume the risk of loss, there may be a right of indemnity separate from the right of contribution. The issue of whether implied indemnity exists must be answered. Appellants argue that they have a noncontractual right of implied in-

demnity from the government. The question is whether the requirements for common law indemnity provided in *Industrial Risk Insurers v. Creole Product Services*, 568 F.Supp. 1323, 1328 (D.Alaska 1983), *aff'd*, 746 F.2d 526 (9th Cir.1984), have been satisfied. These requirements are (1) indemnity claimant has discharged a legal obligation owed to a third party, (2) the defendant is also liable to the third party, and (3) between the indemnity claimant and the defendant, the defendant ought to discharge the obligation.

■ Alaska law also provides that concurrent tortfeasors are not entitled to indemnification. *Vertecs Corp. v. Reichhold Chemicals, Inc.*, 661 P.2d 619, 626 (Alaska 1983). Thus if implied indemnity requirements are met, this issue must also be determined. These issues should have been addressed by the district court.

We agree with the district court's ruling that the United States, when treated as an employer, enjoys immunity from claims of contribution and indemnity afforded to it by the exclusivity provision of AWCA. However, we find that appellants' claim of implied indemnity must be determined by the district court. We vacate the order of dismissal and remand for further proceedings consistent with this opinion.

No costs are allowed to any party. The request for attorney's fees is DENIED.