Phillip C. LAKE; Cynthia B. Lake; Jerry R. Coburn; Mary L. Coburn; and Wormald Fire Systems, Inc.; Petitioners,

v.

CONSTRUCTION MACHINERY, INC.; JLG Industries, Inc.; McDonald Industries, Inc.; and McDonald Industries Alaska, Inc.; Respondents.

No. S–3027.

Supreme Court of Alaska.

Feb. 23, 1990.

Robert M. Libbey, Libbey & Suddock, Anchorage, for petitioners, Phillip C. Lake, Cynthia B. Lake, Jerry R. Coburn and Mary L. Coburn.

Gary N. Bloom, Harbaugh & Bloom, Spokane, Wash., for petitioners, Jerry R. Coburn and Mary L. Coburn.

Constance Cates Ringstad and Winston S. Burbank, Call, Barnett & Burbank, Fairbanks, for petitioner, Wormald Fire Systems, Inc.

Michael C. Geraghty and David D. Floerchinger, Staley, DeLisio, Cook & Sherry, Inc., Anchorage, for respondent, Const. Machinery, Inc.

R. Craig Hesser, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for respondent, JLG Industries, Inc.

Paul H. Ashton and Colleen J. Moore, Guess & Rudd, Anchorage, for respondents, McDonald Industries, Inc. and McDonald Industries, Alaska, Inc.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

An employee injured in the course of his employment brought a damage action against several third parties. He filed this petition after the superior court ruled that the third parties were entitled to assert, as a partial defense, that the plaintiff's employer was negligent. The question that we must decide is whether the employer is one of the parties among whom the finder of fact must allocate fault pursuant to the rule of modified joint and several liability found in AS 09.17.080, thereby reducing the liability of the third parties to the employee. For the reasons set forth below we hold that the employer's negligence, if any, is relevant, but that its use by the jury is limited.

### I

The underlying facts are not in dispute. Phillip Lake suffered an injury in the course and scope of his employment with Wormald Fire Systems, Inc., when he fell fifty feet from a manlift.

Lake filed products liability claims against the manlift manufacturer, JLG Industries, Inc.; the distributor, Construction Machinery, Inc.; and several intermediate vendors. The distributor filed a third party complaint against the employer on a theory of express indemnity. The distributor defended partly on the ground that the finder of fact should attribute negligence among all parties allegedly responsible for Lake's injury, including the employer, and that the distributor's ultimate liability to Lake should be determined pursuant to the rule of modified joint and several liability found in AS 09.17.080(d).[1]

Lake moved to strike the defense, Alaska R.Civ.P. 12(f), arguing that the exclusive liability provision of the Workers' Compensation Act, AS 23.30.055, precluded the trier of fact from considering the negligence of the employer. The superior court denied the motion to strike and a subsequent motion for reconsideration. We granted Lake's petition for review.[2]

### II

Under the Alaska Workers' Compensation Act, AS 23.30.005–.270, an employer is liable to pay compensation to an employee injured in the course and scope of employment, regardless of fault. AS 23.30.045(a),

---

1. The distributor's sixth affirmative defense stated:

 Pursuant to AS 09.17.080, any amount of damages which the plaintiffs may have incurred as a result of the aforementioned accident must be reduced by the percentage of fault attributable to [the employer].

2. The caption of this opinion lists as "petitioners" all parties who appeared and argued in favor of reversing the order below; conversely, the "respondents" are all parties who argued that the order should be affirmed.

(b). In return, the employer is relieved from all further liability to the employee or any other person otherwise entitled to recover damages from the employer on account of the injury. AS 23.30.055.[3]

An employee who believes that a third party is liable for the employee's injuries may file suit to recover damages from the third party whether or not the employee has received compensation payments. AS 23.30.015(a). If the employee recovers damages, the employee must reimburse the employer for compensation paid and the cost of benefits provided, and any excess recovery is credited against future compensation payments. AS 23.30.015(g).[4] If the employee fails to file suit within one year of receiving a compensation award, the employer or its insurance carrier may sue the third party to recover damages. AS 23.30.-015(b), (i), AS 23.30.050. The exclusive liability provision precludes the assertion of a contribution claim against the employer, even if the employer's negligence was a proximate cause of the employee's injury. *State v. Wien Air Alaska*, 619 P.2d 719, 720 (Alaska 1980); *cf.* AS 09.16.010(a), (b).

In *Arctic Structures v. Wedmore*, 605 P.2d 426 (Alaska 1979), an employee who collected workers' compensation benefits sued three third parties for damages. The third parties argued that, under the recently-adopted rule of pure comparative negligence,[5] the employee's recovery should be reduced by the percentage of fault attributable to the employer, and that each third party should be liable to the employee only for that portion of the total liability corresponding to its percentage of fault. We ruled that (1) the common law rule of joint and several liability survived judicial adoption of the doctrine of pure comparative

negligence, *id.* at 428–35, (2) third parties may not reduce their total liability to the employee in proportion to the percentage of negligence attributable to the employer, *id.* at 435–38, and (3) the employer is entitled to full reimbursement for compensation paid to the employee, even if the employer's negligence is a proximate cause of the employee's injury, *id.* at 438–40.

A year later we reaffirmed the decision in *Arctic Structures*, stating:

We have considered our holdings in *Arctic Structures* and, although we agree with the State that under these holdings injustices can arise in many cases, we are unpersuaded that we should alter these holdings in the case before us. As we pointed out in *Arctic Structures*, we are most reluctant to modify an existing legislative scheme in order to achieve an equitable result. 605 P.2d at 440. The statutes with which we are concerned express major policy decisions which are peculiarly within legislative competence. For example, we have no knowledge of the financial impact of deviating from the exclusive liability provision of the workmen's compensation statute. That is a matter which could be clarified by legislative hearings, a process not available to this court. We have no comprehension of the economic trade-offs which might be involved in a major overhaul of these statutes. Decisions concerning such matters are typically a legislative function.

*Wien*, 619 P.2d at 720.

In 1986, the legislature modified the rule of joint and several liability. AS 09.17.-080(d).[6] Under the new statute, the finder

---

**3.** AS 23.30.055 provides in part:
The liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer and any fellow employee to the employee, the employee's legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from the employer or fellow employee at law or in admiralty on account of the injury or death.

**4.** AS 23.30.015(g) provides in part:
If the employee ... recovers damages from the third person, the employee ... shall

promptly pay to the employer the total amounts paid by the employer under (e)(1)(A), (B), and (C) of this section, insofar as the recovery is sufficient after deducting all litigation costs and expenses. Any excess recovery by the employee ... shall be credited against any amount payable by the employer thereafter.

**5.** *Kaatz v. State*, 540 P.2d 1037 (Alaska 1975).

**6.** AS 09.17.080 provides in part:
(a) In all actions involving fault of more than one party to the action, including third-

of fact must fix the damage awards, and determine the respective percentages of fault. *Id.* The court then enters judgment on the basis of modified joint and several liability. AS 09.17.080(c), (d).

### III

Petitioners contend that the superior court erred in refusing to strike the challenged defense because AS 09.17.080(a)(2) does not specifically include statutorily immune employers in the group among whom the total fault must be allocated. Respondents contend that the purpose of AS 09.-17.080 will be frustrated if the employer's fault is not considered.

This is a question of statutory interpretation subject to the independent judgment standard of review. *Norton v. Alcoholic Beverage Control Bd.,* 695 P.2d 1090, 1092 (Alaska 1985). We will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

 The interpretation of a statute begins with an examination of the language used. Ordinarily, an unambiguous statute is enforced as written without judicial construction or modification; however, this rule is not controlling when a seemingly unambiguous statute must be considered in conjunction with another act. *Hafling v.*

*Inlandboatmen's Union,* 585 P.2d 870, 872 (Alaska 1978). In that case, we will examine the legislative history and adopt a reasonable construction which realizes legislative intent, avoids conflict or inconsistency, and gives effect to every provision of both acts. *Id.* at 873, 875, 877. Thus, we will presume that the legislature enacted AS 09.17.080 with the Workers' Compensation Act in mind.

When we decided *Arctic Structures,* we noted that the view espoused in *Associated Construction & Engineering Co. v. Workers' Compensation Appeals Board,* 22 Cal.3d 829, 150 Cal.Rptr. 888, 587 P.2d 684 (1978), had "considerable merit." [7] 605 P.2d at 440. Respondents argue that the legislature recognized the merit of the California rule and incorporated it into the law of Alaska when it adopted AS 09.17.080.

The legislature's intent is not apparent from the plain language of AS 09.17.-080(a)(2). Although the legislature has authorized the finder of fact to allocate fault among "each claimant, defendant, third-party defendant, and person who has been released from liability under AS 09.16.040," an employer does not fit easily within any of these categories.[8]

 When the legislature enacted AS 09.17.080, it left intact the exclusive liability and employer reimbursement provisions,

---

party defendants and persons who have been released under AS 09.16.040, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating

 (1) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and

 (2) the percentage of the total fault of all of the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under AS 09.16.040.

 . . . .

 (c) The court shall determine the award of damages to each claimant in accordance with the findings, subject to a reduction under AS 09.16.040, and enter judgment against each party liable. The court also shall determine and state in the judgment each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault.

 (d) The court shall enter judgment against each party liable on the basis of joint and several liability, except that a party who is allocated less than 50 percent of the total fault allocated to all the parties may not be jointly liable for more than twice the percentage of fault allocated to that party.

**7.** In *Associated Construction,* the California Supreme Court ruled that the total liability for the employee's injury should be equitably allocated between the employer and third party tortfeasors. 150 Cal.Rptr. at 895–96, 587 P.2d at 691–92. The third parties' liability to the employee is reduced by the employer's share of the fault. *Id.* The employer's right to credit or reimbursement is limited to the amount by which his compensation liability exceeds his proportional share of the injured employee's recovery. *Id.*

**8.** *See* Uniform Comparative Fault Act § 2 comment, § 6 comment, 12 U.L.A. 46, 53 (Supp. 1989).

knowing that we had declined to abrogate the rules set forth in those statutes in the past, even though developments in the principles of general tort law might suggest that course. To the contrary, we have consistently and repeatedly refused to alter the comprehensive statutory scheme governing employers' rights and liabilities for workplace accidents. Absent a clear indication of legislative intent,[9] we decline to retreat from the rule of law set forth in *Arctic Structures v. Wedmore.*

■ It is irrelevant that the employer in this case is a third-party defendant based on an express indemnity agreement. As a result of the exclusive liability provision, an employer may be joined as a third-party defendant only when another party asserts an express indemnity claim against it. *See Manson-Osberg Co. v. State,* 552 P.2d 654, 658–59 (Alaska 1976); *see also Providence Washington Ins. Co. v. DeHavilland Aircraft Co. of Canada,* 699 P.2d 355, 357–58 (Alaska 1985); *Golden Valley Elec. Ass'n v. City Elec. Serv.,* 518 P.2d 65, 69 (Alaska 1974). However, the fact that the employer is a third-party indemnity defendant in any particular case is a fortuity which does not alter the rule applicable to employer fault generally, even though it might affect the ultimate liability of the parties to the agreement.

Our refusal to abrogate the workers' compensation scheme does not necessarily render evidence of employer negligence inadmissible. A third party tortfeasor may escape liability by proving that it was not negligent or that its negligence did not proximately cause the employee's injury. Thus, evidence of the employer's negligence may be relevant and admissible to prove that the employer was entirely at fault, or that the employer's fault was a superseding cause of the injury. However, AS 09.17.080 presents a difficult factual choice: the finder of fact may allocate *all* or *none* of the total fault to the employer. It may not allocate only a portion of the total fault to the employer. Moreover, members of the bench and bar must take care in preparing jury instructions to prevent a panel from attributing to the employee any negligence of the employer.

The decision of the superior court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

9. The workers' compensation statute was never mentioned during the house and senate debates concerning the 1986 tort reform provisions, ch. 139, § 1, SLA 1986. Alaska State Senate Floor Debate (May 5, 1986) [hereinafter Senate Debate]; Alaska State House Floor Debate (May 8, 1986) [hereinafter House Debate]. It is clear that the legislature was attempting to alleviate a perceived "crisis" in insurance rates and availability. *See* Senate Debate (remarks of Sens. Kelly and Faiks; House Debate (remarks of Rep. Navarre). The section on modified joint and several liability was "the heart and soul of the bill." Senate Debate (remarks of Sens. Kelly, Faiks and Halford); House Debate (remarks of Reps. Navarre, Hanley, and Pignalberi). Legislators who endorsed a form of modified joint and several liability argued that it represented a fair compromise limiting the potential liability of a tortfeasor guilty of only a small degree of negligence while at the same time permitting an injured plaintiff to recover a substantial portion of his or her damages. Senate Debate (remarks of Sen. Josephson); House Debate (remarks of Reps. Navarre and Miller).