**BELL HELICOPTER TEXTRON, INC., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**BELL HELICOPTER TEXTRON, INC., Plaintiff,**

**and**

**Sea Airmotive, Inc., Gay Airways, Inc., A.E. Gay, Inc., and A.E. Gay, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**Nos. 91–35324, 91–35338.**

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 1992 *.

Decided June 15, 1992.

---

* Pursuant to Ninth Circuit Rule 34–4, the panel unanimously finds this case suitable for disposition without oral argument.

**308**

Jonathon M. Hoffman, Martin, Bischoff, Templeton, Langslet & Hoffman, Portland, Or., Susan M. West, Robertson, Monagle & Eastaugh, Anchorage, Alaska, for plaintiffs-appellants.

Wendy L. Rome, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before: FARRIS, NORRIS, and KOZINSKI, Circuit Judges.

FARRIS, Circuit Judge:

The facts are set forth in our prior opinion in this matter. *See Bell Helicopter v. United States*, 833 F.2d 1375, 1376–77 (9th Cir.1987). On remand, the district court held that: (1) Bell's, Sea Airmotive's, and Gay Airways' implied contractual indemnity and noncontractual indemnity claims are barred by the Alaska Workers' Compensation Act and (2) Sea Airmotive's and Gay Airways' express contractual indemnity claims are not similarly barred but have not been properly raised. *Bell Helicopter Textron, Inc. v. United States*, 755 F.Supp. 269 (D.Alaska 1990). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We previously determined that, under the Federal Torts Claims Act, 28 U.S.C. § 1346(b), the applicable law is that of Alaska. *Bell Helicopter*, 833 F.2d at 1377–78. Under the Alaska Workers' Compensation Act, an employer is strictly liable to an employee who is injured in the course of employment. *See Lake v. Constr. Mach., Inc.*, 787 P.2d 1027, 1028–29 (Alaska 1990). In return, Alaska Stat. § 23.30.055 provides that the liability prescribed by the Act "shall be exclusive and in place of all other liability of the employer." *See Lake*, 787 P.2d at 1029.

We recognize that our previous opinion contains language that supports Bell's, Sea Airmotive's, and Gay Airways' arguments, but our opinion preceded the Alaska Supreme Court's decision in *Lake*. Based on section 23.30.055, the court in *Lake* held that "an employer may be joined

as a third-party defendant only when another party asserts an express indemnity claim against it." *Id.* at 1031. Although *Lake* involved a defendant's attempt to join an employee's employer as a third-party defendant under Alaska Stat. § 09.17.080, there is no basis to conclude that the Alaska Supreme Court would allow a similar action merely because the employer is sued separately. *See Providence Washington Ins. v. DeHavilland Aircraft,* 699 P.2d 355, 357 (Alaska 1985) (section 23.30.055 precludes implied indemnity claim against employer). The parties' implied contractual indemnity and noncontractual indemnity claims therefore must fail.

■ Sea Airmotive and Gay Airways emphasize that *Providence Washington Ins.* held that a common law indemnity claim is not barred by section 23.30.055 if there is "a contractual or other duty between the indemnitor and indemnitee." *Id.* (footnote omitted). We understand Sea Airmotive's and Gay Airways' argument, but, under *Lake,* an express contractual indemnity agreement cannot create a common law indemnity claim because such a claim is barred by section 23.30.055; *only* an express indemnity claim is not barred by this provision. *See Lake,* 787 P.2d at 1031. Further, "other duty," *Providence Washington Ins.,* 699 P.2d at 357, refers, for example, to the implied duty owed by a manufacturer to a downstream retailer, *see, e.g., Koehring Mfg. Co. v. Earthmovers of Fairbanks, Inc.,* 763 P.2d 499 (Alaska 1988), and is not relevant to this case.

Sea Airmotive's and Gay Airways' complaint alleges as follows:

### FIRST CLAIM FOR RELIEF

. . . .

The negligence of defendant, if any, was primary and active while that of plaintiffs, if any, was secondary and passive. Accordingly, plaintiffs are entitled to recover indemnity from defendant for all amounts paid in settlement of the claim brought by Mitchell. . . .

### SECOND CLAIM FOR RELIEF

. . . .

By virtue of Alaska's Contribution Statute, AS §§ 09.16.010–09.16.060, and the negligence of defendant's employee, defendant is obligated to reimburse plaintiffs their pro rata portion of the amount paid in settlement of this case.

The district court correctly concluded that Sea Airmotive and Gay Airways did not raise an express contractual indemnity claim.

AFFIRMED.