947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore HELLMERS; Sherry Mustion, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
Theodore HELLMERS; Sherry Mustion, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant,
and
Air Services International, Inc.; Arizona Helicopters,
Inc., Defendants-Appellants.
 Nos. 90-55571, 90-55601.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 10, 1991.
Decided Oct. 29, 1991.
 
 Before BEEZER, WIGGINS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States (Government) and Air Services International, Inc./Arizona Helicopters, Inc. (Air Services) appeal from the district court's amended judgment in the damages portion of this bifurcated personal injury trial. The Government and Air Services argue that the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, requires that the lost wages portion of Hellmers' award be reduced for estimated income taxes.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Hellmers filed claims against the Government, Air Services and others following his injury in the mid-air collision of two helicopters that were fighting a fire in the Angeles National Forest. Hellmers was the pilot of one of the helicopters, owned by Los Angeles County; Air Services owned the other helicopter. Both helicopters were under contract with the United States Forest Service to assist in fighting the fire.
 
 
 4
 The district court resolved the liability portion of the trial substantially in Hellmers' favor, quantifying his comparative negligence at twenty percent. The parties do not dispute that resolution. It found the Government and Air Services jointly and severally liable for the balance.[2] The district court awarded Hellmers damages of $1,958,932.80, making a specific finding that Hellmers paid no income tax from 1985 through 1988 and would pay no income tax for the next fifteen years (until he will be approximately fifty-nine years old).
 
 II
 
 5
 The law of the state where the tortious conduct took place governs claims under the FTCA. Richards v. United States, 369 U.S. 1, 6-10 (1962); Bell Helicopter v. United States, 833 F.2d 1375, 1377 (9th Cir.1987). Because the negligence that led to Hellmers' injury took place in California, in the first instance California law controls. California does not reduce a damages award for estimated taxes. See DePalma v. Westland Software House, 225 Cal.App.3d 1534, 1540, 276 Cal.Rptr. 214, 217 (1990) (contract case listing types of actions). If the effect of such a rule is punitive to the Government, the FTCA preempts state law and mandates that the award be adjusted for taxes. Hollinger v. United States, 651 F.2d 636, 642 (9th Cir.1981).
 
 
 6
 The Government argues that Hellmers' damages award should not consider his special tax circumstances because they result from a marriage subsequent to his injury. To support its proposition, the Government points to a case that cites with approval the Restatement (Second) of Torts § 924 cmts. d, e (1977). Fein v. Permanente, 38 Cal.3d 137, ---- & n. 10, 695 P.2d 665, 676 & n. 10, 211 Cal.Rptr. 368, 379 & n. 10 (1985) (holding that the plaintiff's damages include earnings from his "lost years"). Based upon this case, the Government asserts that Hellmers' award should consider his tax circumstances only at the time of his injury.
 
 
 7
 The Government confuses state and federal law. The Restatement clearly contemplates compensating the victim for "liabilities imposed ... as a result of the tort." Restatement (Second) of Torts § 906 cmt. a (1977) (emphasis added). California law clearly does not consider income taxes to be such a liability. DePalma, 225 Cal.App.3d 1534, 276 Cal.Rptr. 217; Trammell v. McDonnell Douglas Corp., 163 Cal.App.3d 157, 209 Cal.Rptr. 427 (1984) (wrongful death); Danzig v. Jack Grynberg & Assocs., 161 Cal.App.3d 1128, 208 Cal.Rptr. 336 (1984) (fraud); Canavin v. Pacific S.W. Airlines, 148 Cal.App.3d 512, 196 Cal.Rptr. 82 (1983) (wrongful death); City of Los Angeles v. Tilem, 142 Cal.App.3d 694, 191 Cal.Rptr. 229 (1983) (inverse condemnation); Rodriguez v. McDonnell Douglas Corp., 87 Cal.App.3d 626, 151 Cal.Rptr. 399 (1978) (personal injury).
 
 
 8
 The FTCA preempts state law so that the government will not be "doubly sanctioned" for its tort. Shaw v. United States, 741 F.2d 1202, 1206 (9th Cir.1984) (quoting Felder v. United States, 543 F.2d 657, 670 n. 17 (9th Cir.1976)); Hollinger, 651 F.2d at 642 (same). The district court found that Hellmers paid no taxes from 1985 through 1988 and will not pay taxes for the subsequent fifteen years. We see no clear error in this finding. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). Because the Government will not collect taxes from Hellmers due to his special tax circumstances, the Government will not suffer the punitive double sanction that concerned us in Shaw, Hollinger and Felder. Hellmers' award properly consists of his gross lost earnings where his special tax circumstances prevail. Cf. Felder, 543 F.2d at 671-74 (adjusting plaintiffs' tax rates upward because they had no special circumstances).
 
 III
 
 9
 The Government finally seeks a tax adjustment to Hellmers' award for the remaining six years of his future earnings.[3] Part of that adjustment requires "that the tax on the discounted principal ... be considered." Hollinger, 651 F.2d at 642 (citing Norfolk & W.R. Co. v. Liepelt, 444 U.S. 490, 495 (1980)). Because adjusting for the tax on the income from discounted principal benefits Hellmers, and because it must be considered through mortality, not just age sixty-five, the district court may have reasonably concluded that it would offset the tax reduction on remaining future earnings.
 
 
 10
 The district court made no specific finding on whether reliable figures that would permit this stub period adjustment were available. Whether such figures were available is an essentially factual determination "reviewable under the clearly erroneous standard." McConney, 728 F.2d at 1202. Our review of the record reveals no reliable figures that the district court could use to perform this stub period calculation. We find no clear error in the district court's resort to the offset method. Hollinger, 651 F.2d at 643; see also Trevino v. United States, 804 F.2d 1512, 1520 (9th Cir.1986) (adjust both future earnings and discounted principal for taxes or adjust neither).
 
 IV
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Air Services and Hellmers raise a variety of other issues that do not merit our attention
 
 
 [2]
 In Air Services' related claim for property damage (no issues on appeal here), the district court apportioned liability 20% to Air Services and 80% to the Government
 
 
 [3]
 We fail to see how the Government concludes that Hellmers had eleven years of future earnings left. The computation adopted by the district court very clearly awards Hellmers lost earnings through age sixty-five, not age seventy